**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

ANTHONY TORRES,

  Defendant - Appellant.

No. 25-3281

D.C. No.
3:24-cr-01006-RBM-1

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Southern District of California
Ruth Bermudez Montenegro, District Judge, Presiding

Argued and Submitted February 10, 2026
Pasadena, California

Before: SCHROEDER, WARDLAW, and BADE, Circuit Judges.

Anthony Torres appeals the denials of his motions to suppress evidence and

to dismiss the indictment.  He also argues that the district court erred by denying

his request for an evidentiary hearing.  We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

  1.  The district court properly denied Torres's motion to suppress

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

evidence obtained during an investigatory stop by San Diego Police Department officers. On the unique facts presented here, the initial stop was supported by reasonable suspicion. *See Terry v. Ohio*, 392 U.S. 1, 21 (1968) (holding that to conduct an investigatory stop, "the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion"). Police may stop a vehicle if they have probable cause to believe that the motorist has committed a civil traffic violation. *Whren v. United States*, 517 U.S. 806, 819 (1996). We have held that *Whren* extends to parking violations, and therefore allows an officer to seize the occupants of an illegally parked vehicle to write a parking ticket. *United States v. Choudhry*, 461 F.3d 1097, 1101–02 (9th Cir. 2006).

In this case, San Diego police officers approached an illegally parked vehicle in a red zone with three individuals standing close to the open driver's door, with the car lights still on, and ordered them, one of whom was Torres, to stop. The record reflects that Torres and the two other passengers were the only people in the immediate vicinity of the vehicle. There is no dispute that the officers did not know which person was the driver of the illegally parked vehicle, and the district court determined that all three individuals were "apparent passengers" of the vehicle. The district court's finding that Torres was an apparent passenger of the vehicle was not clearly erroneous given that Torres was in the

25-3281

immediate vicinity of the illegally parked vehicle, there were no bystanders nearby, the driver's door was open, and the car lights remained on. Given the totality of the circumstances, the district court did not err in determining that the officers had reasonable suspicion to briefly stop the apparent passengers of the vehicle to ascertain the identity of the driver and address the parking violation. *See Choudhry*, 461 F.3d at 1101–02.

2.      The district court correctly held that the officers did not violate Torres's Fourth Amendment rights by asking him whether he was armed. The officer's question to Torres, which took no more than three seconds to ask and answer, did not unconstitutionally prolong the stop. *See Rodriguez v. United States*, 575 U.S. 348, 354 (2015) (The "Fourth Amendment tolerate[s] certain unrelated investigations that [do] not lengthen the roadside detention."). Indeed, the entire interaction unfolded in less than twenty seconds. We need not decide whether the officers had reasonable suspicion to frisk Torres, because Torres ran away from the officers immediately after he was asked whether he was armed, and Torres does not dispute that the officers were permitted to pursue and restrain him based on this conduct.

3.      We review a court's denial of an evidentiary hearing on a motion to suppress for abuse of discretion. *United States v. Keller*, 142 F.4th 645, 655 (9th Cir. 2025) (per curiam). "A simple desire to cross-examine agents that a movant

25-3281

has accused of being untruthful does not itself create grounds for an evidentiary hearing." *Id.* Rather, the defendant must "show that there are contested issues of fact relating to the lawfulness of" the stop, by filing "moving papers . . . [which] allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." *Id.* at 654–55 (internal quotations and citations omitted). Because Torres has not shown with "sufficient definiteness, clarity, and specificity" that there are contested issues of fact related to the lawfulness of the stop, the district court did not abuse its discretion by denying an evidentiary hearing.

4. Torres also argues that his convictions under 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm and felon in possession of ammunition are unconstitutional under the Second Amendment. But Torres concedes that this argument is foreclosed by our holding in *United States v. Duarte*, 137 F.4th 743 (9th Cir. 2025) (en banc). Therefore, the district court properly denied Torres's motion to dismiss the indictment.

**AFFIRMED.**

25-3281